| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph R. Dunn (SBN 238069); Abigail V. O'Brient (SBN 265704)<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>TELEPHONE NO.: (858) 314-1500　FAX NO.: (858) 314-1501<br>ATTORNEY FOR (Name): Plaintiff QK HEALTHCARE, INC. | |
| NAME OF COURT: United States District Court, Central District of California<br>STREET ADDRESS: 255 E. Temple St.<br>MAILING ADDRESS: same as above<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Western Division | |
| PLAINTIFF: QK HEALTHCARE, INC.<br>DEFENDANT: TRIMED MEDICAL WHOLESALERS, INC., et al. | |
| **TEMPORARY PROTECTIVE ORDER** | CASE NUMBER:<br>2:17-cv-03832- R (JPRx) |

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order,
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

## FINDINGS

2. THE COURT FINDS
   a. Defendant Trimed Medical Wholesalers, Inc. is a ☐ natural Person ☐ partnership ☐ unincorporated association
      ☒ corporation
      ☐ other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 6,805,598.04, comprised of (a) unpaid principal due under the Promissory Note (as defined in the Complaint) in the amount of $6,689,698.04; (b) accrued and unpaid interest in the amount of at least $5,900 through May 19, 2017; (c) estimated costs of $10,000; (d) estimated allowable attorneys' fees of $100,000.
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based,
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☒ There is a danger that the property sought to be attached would be
         (a) ☐ concealed.
         (b) ☐ substantially impaired in value,
         (c) ☒ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☐ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☒ Other circumstances:
         The defendant and its sole officer and director (co-defendant Richard T. Kayseryan) have transferred assets to or for the benefit of Kayseryan, his family and others for no consideration.
   g. ☒ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 10,000.00 before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.
   i. The property subject to the following order is:
      All real and personal property of defendant, including, but not limited to, (1) defendant's deposit accounts (including, without limitation, its Chase accounts ending in -6199 and -8119); (2) defendant's accounts receivable, insurance proceeds, settlement proceeds, litigation recoveries, proceeds of claims and other funds received; (3) defendant's intangible personal property, including litigation claims; and (4) the proceeds of all of defendant's real and personal property.

| SHORT TITLE: QK HEALTHCARE, INC. v. TRIMED MEDICAL WHOLESALERS, INC., et al. | CASE NUMBER: 2:17-cv-03832- R (JPRx) |
|---|---|

2. j. ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

   k. ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS
   a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings,
   b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

   c. ☒ Other *(specify):* Defendant shall not: (a) transfer any funds held in any deposit account (including, but not limited to its Chase accounts ending in -6199 and -8119 (together, the "Accounts")), except as expressly permitted by statute; (b) with respect to any accounts receivable, insurance proceeds, settlement proceeds, litigation recoveries, proceeds of claims or other funds received, take any action other than depositing such funds in the Accounts; (c) sell, transfer or encumber its real property, if any; and (d) assign, settle, transfer or encumber any litigation claims, including claims against defendant's directors and officers.
   d. This order shall expire when the Court issues a subsequent Order concerning Plaintiff's writ of attachment applications.

4. Number of pages attached: 0
Date: 6/13/2017

__Jean Rosenbluth__  
(TYPE OR PRINT NAME)

▶ /s/ Jean Rosenbluth  
(SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking,

a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:
   (1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.
   (2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.
   (3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.
   (4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action,
b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:
   (1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.
   (2) One thousand dollars ($1,000).
c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

---

[SEAL]

### CLERK'S CERTIFICATE

I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by __Beatriz Martinez__, Deputy

1179

CV-4M (12/03)

**TEMPORARY PROTECTIVE ORDER**
(Attachment)

Page two