| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph R. Dunn (SBN 238069); Abigail V. O'Brient (SBN 265704)<br>MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, CA 92130<br>TELEPHONE NO.: (858) 314-1500  FAX NO.: (858) 314-1501<br>ATTORNEY FOR (Name): Plaintiff QK HEALTHCARE, INC. | |

| | |
|---|---|
| NAME OF COURT: United States District Court, Central District of California<br>STREET ADDRESS: 255 E. Temple St.<br>MAILING ADDRESS: same as above<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Western Division | |

PLAINTIFF: QK HEALTHCARE, INC.

DEFENDANT: TRIMED MEDICAL WHOLESALERS, INC., et al.

| **TEMPORARY PROTECTIVE ORDER** | CASE NUMBER:<br>2:17-cv-03832-R (JPRx) |
|---|---|

1. The court has considered the application of plaintiff for
   a. ☐ a right to attach order, order for issuance of writ of attachment pursuant to Chapter 4 (beginning with Code Civ. Proc., § 484.010), and a temporary protective order,
   b. ☒ an ex parte right to attach order and order for issuance of writ of attachment under Chapter 5 (beginning with Code Civ. Proc., § 485.010).

## FINDINGS

2. THE COURT FINDS
   a. Defendant Richard Kayseryan is a  ☒ natural Person  ☐ partnership  ☐ unincorporated association  ☐ corporation  ☐ other (specify):
   b. The amount sought to be secured by the attachment under the application for the right to attach is: $ 6,805,598.04, comprised of (a) unpaid principal due under the Guaranty (as defined in the Complaint) in the amount of $6,689,698.04; (b) accrued and unpaid interest in the amount of at least $5,900 through May 19, 2017; (c) estimated costs of $10,000; and (d) estimated allowable attorneys' fees of $100,000.
   c. The claim upon which the application for attachment is based is one upon which an attachment may be issued under Code of Civil Procedure section 483.010.
   d. Plaintiff has established the probable validity of the claim upon which the application for the attachment is based,
   e. The order is not sought for a purpose other than the recovery upon the claim on which the application for the attachment is based.
   f. Great or irreparable injury will result to the plaintiff if this order is not issued, based on the following:
      (1) ☒ There is a danger that the property sought to be attached would be
          (a) ☐ concealed.
          (b) ☐ substantially impaired in value,
          (c) ☒ made unavailable to levy by other than concealment or substantial impairment in value.
      (2) ☐ Defendant has failed to pay the debt underlying the requested attachment and is insolvent as defined in Code of Civil Procedure section 485.010, subdivision (b)(2).
      (3) ☐ A bulk sales notice was recorded and published pursuant to Division 6 (beginning with section 6101) of the Commercial Code with respect to a bulk transfer by the defendant.
      (4) ☐ An escrow has been opened pursuant to the provisions of Business and Professions Code section 24074 with respect to the sale by the defendant of a liquor license. The liquor license number is:
      (5) ☒ Other circumstances: In October and November 2016, defendant transferred his interest in several real properties to a company owned by defendant's wife, which company subsequently transferred one of the properties after defendant was indicted.
   g. ☒ The requirements of Code of Civil Procedure section 485.220 are satisfied, but a temporary protective order should issue instead of an ex parte right to attach order and order for issuance of writ of attachment.
   h. Plaintiff must file an undertaking in the amount of: $ 10,000.00 before a temporary protective order shall issue, and plaintiff has filed an undertaking in that amount.

**TEMPORARY PROTECTIVE ORDER**
**(Attachment)**

i.   The property subject to the following order is: To the extent defendant's interest in such property exceeds the amount of any applicable exemptions:

(i) All of defendant's real property interests, including those interests described on Attachment 2.i, subject, in the case of the real property located at 604 S. Sunset Canyon Drive, Burbank, California, to CCP section 487.025(b);

(ii) All of defendant's accounts receivable, chattel paper and general intangibles arising out of defendant's trade, business or profession;

(iii) All of defendant's equipment and inventory;

(iv) All final money judgments in favor of defendant and arising out of defendant's conduct of a trade, business or profession;

(v) All money located on the premises where defendant conducts a trade, business or profession;

(vi) All but the first $1,000, in aggregate, of the funds in defendant's deposit accounts or money located elsewhere than at the defendant's place of business; and

(vii) All negotiable documents of title, instruments and securities held by defendant.

2.  j.   ☐ The following property of defendant is inventory or farm products held for sale and may be transferred in the ordinary course of business *(specify)*:

    k.   ☐ Other *(specify)*:

## ORDER

3. THE COURT ORDERS

a. Defendant shall not transfer, directly or indirectly, any interest in the property described in item 2i of the findings,

b. ☐ Defendant shall not dispose of the proceeds of any transfer of inventory or farm products held for sale except under the following restrictions:

c. ☒ Other *(specify)*: Defendant shall not: (a) transfer any funds held in any deposit account, except as expressly permitted by statute; (b) with respect to any accounts receivable, insurance proceeds, settlement proceeds, litigation recoveries, proceeds of claims or other funds received, take any action other than depositing such funds in defendant's existing deposit accounts; (c) sell, transfer or encumber any real property in which defendant has an interest, including, but not limited to, the real properties located at (i) 52 E. Santa Anita Avenue, Burbank, California, and (ii) 604 S. Sunset Canyon Drive, Burbank, California; and (d) assign, settle, transfer or encumber any litigation claims.

d. This order shall expire when the Court issues a subsequent Order concerning Plaintiff's writ of attachment applications.

4.  Number of pages attached: 1

Date: 6/13/17

_Jean Rosenbluth_
(TYPE OR PRINT NAME)

▶ _[signature]_
(SIGNATURE OF JUDGE OR MAGISTRATE JUDGE)

---

**NOTICE TO DEFENDANT:** An undertaking has been filed with the court by plaintiff. You may object to the undertaking,

a. You may issue any number of checks against any of your accounts in a financial institution in this state in any amount for the following purposes:

(1) Payment of any payroll expense (including fringe benefits and taxes and premiums for workers' compensation and unemployment insurance) falling due in the ordinary course of business prior to the levy of a writ of attachment.

(2) Payment for goods thereafter delivered to you C.O.D. for use in your trade, business, or profession.

(3) Payment of taxes if payment is necessary to avoid penalties which will accrue if there is any further delay in payment.

(4) Payment of reasonable legal fees and reasonable costs and expenses required for your representation in the action.

b. In addition, you may issue any number of checks for any purpose so long as the total amount of such checks does not exceed the greater of the following:

(1) The amount by which the total amount on deposit exceeds the sum of the amount sought to be secured by the attachment and the amounts permitted to be paid pursuant to this notice.

(2) One thousand dollars ($1,000).

c. If the property is farm products held for sale or is inventory, the temporary protective order may not prohibit you from transferring the property in the ordinary course of business, but may impose appropriate restrictions on the disposition of the proceeds from such transfer.

[SEAL]

### CLERK'S CERTIFICATE

I certify that the foregoing is a correct copy of the original on file in my office.
Date:

Clerk, by _Beatriz Martinez_ , Deputy

1179