Joseph R. Dunn (SBN 238069)
jrdunn@mintz.com
Abigail V. O'Brient (SBN 265704)
avobrient@mintz.com
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff
QK HEALTHCARE, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### Western Division

| | |
|---|---|
| QK HEALTHCARE, INC., a Delaware corporation,<br><br>                    Plaintiff,<br>v.<br><br>TRIMED MEDICAL WHOLESALERS, INC., a California corporation; RICHARD T. KAYSERYAN, an individual; and CAM-COM, INC., a California corporation,<br><br>                    Defendants. | Case No. 2:17-CV-03832 R (JPRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER STRIKING DEFENDANT CAM-COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND FOR ENTRY OF DEFAULT OF CAM-COM, INC.**<br><br>Hearing<br>Date: March 19, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 880<br>        255 E. Temple St.<br>        Los Angeles, CA 90012<br><br>Magistrate Judge Jean P. Rosenbluth<br><br>Complaint Filed: May 22, 2017<br><br>Hon. Manuel L. Real |

Plaintiff QK Healthcare, Inc. ("QKH") hereby submits this memorandum of points and authorities in support of its Motion (the "Motion") for an order striking defendant Cam-Com, Inc.'s ("Cam-Com") answer to QKH's Complaint and for entry of the default of Cam-Com pursuant to Federal Rule of Civil Procedure 55(a). Filed

75546114v.1

concurrently herewith is the Declaration of Joseph R. Dunn in support of the Motion (the "Dunn Decl.").

## I. BACKGROUND

As set forth in QKH's Complaint (the "Complaint"), defendant Trimed Medical Wholesalers, Inc. ("Trimed") incurred a debt of over $8 million to QKH by failing to pay for pharmaceutical products it purchased from QKH. [Dkt. 15, ¶ 2] In early 2017, in connection with this debt, Trimed executed a promissory note (the "Promissory Note"), which was guaranteed (the "Guaranty") by Trimed's president, defendant Richard T. Kayseryan ("Kayseryan"). [Dkt. 15, ¶¶ 2, 4, Exs. A, B] However, only two months after the Promissory Note and Guaranty were executed, Trimed stopped making payments to QKH as required under the Promissory Note, and Kayseryan failed to perform his obligations under the Guaranty following Trimed's default. [Dkt. 16, ¶¶ 6-9]

Shortly before and immediately after executing the Promissory Note and Guaranty, Kayseryan dissipated and attempted to conceal significant assets belonging to him and to Trimed, including by siphoning cash out of Trimed to and for his personal benefit (to the detriment of QKH, as a legitimate creditor of Trimed) and by transferring several real properties to Cam-Com, a company ostensibly owned by his wife, for no consideration. [Dkt. 13, Exs. 1-5] A few weeks after Trimed and Kayseryan defaulted under the Promissory Note and Guaranty, Cam-Com then transferred one of the properties to a third party, which further hindered and delayed QKH's ability to reach that property to satisfy the significant debt owed by Trimed and Kayseryan. [Dkt. 13, Ex. 6]

On May 22, 2017, QKH commenced this action by filing the Complaint against Trimed, Kayseryan and Cam-Com for breach of the Promissory Note, breach of the Guaranty, account stated, goods delivered, unjust enrichment, violations of the Uniform Voidable Transactions Act, and declaratory relief that Kayseryan is the alter

ego of Trimed. [Dkt. 1] On June 19, 2017, Cam-Com and the other Defendants filed a joint answer to the Complaint (the "Answer"). [Dkt. 45]

On November 14, 2017, Cam-Com's counsel in this Action, Adli Law Group, P.C., filed a motion to withdraw as counsel for Cam-Com (the "Withdrawal Motion"). [Dkt. 126] QKH did not oppose this motion, but expressed concern regarding undue burden on the Court, prejudice to QKH, and delay of the case that would result from Cam-Com, a corporation, being unrepresented in this action. [Dkt. 127] Therefore, QKH requested that the order granting the Withdrawal Motion require Cam-Com to appear through replacement counsel within thirty days. *Id.*

In its January 10, 2018 order granting the Withdrawal Motion [Dkt. 129] (the "Withdrawal Order"), the Court ordered that "(a) any replacement counsel for . . . Cam-Com shall make an appearance in this action within 30 days after entry of the Order; (b) in the event replacement counsel does not timely appear for . . . Cam-Com, such defendant's answer shall be stricken and default entered against such defendant." [Dkt. 129]

Pursuant to the Withdrawal Order, the deadline for replacement counsel to appear on behalf of Cam-Com was February 9, 2018. As of the filing of the Motion, no such replacement counsel has made an appearance in this Action. Dunn Decl. ¶ 3.

**II. THE COURT MAY STRIKE A DEFENDANT'S ANSWER AND ENTER DEFAULT FOR FAILURE TO SECURE COUNSEL PURSUANT TO COURT ORDER**

By its Motion, QKH seeks an order, consistent with the Withdrawal Order, striking Cam-Com's Answer to the Complaint and entering the default of Cam-Com. A court can strike a defendant's answer and enter default against a defendant for failing to comply with a court's order. *See Jorgensen v. Cassiday*, 320 F.3d 906, 911 (9th Cir. 2003) (striking defendant's answer and entering default against defendant for failing to comply with a court order); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (denying defendant's motion to set aside default

1  where the defendant had notice of the complaint and that default would be taken
2  against the defendant if he did not answer the complaint).

3       Moreover, Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party
4  against whom a judgment for affirmative relief is sought has failed to plead or
5  otherwise defend, . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).
6  If a company fails to retain counsel, the court may appropriately strike the company's
7  answer and enter default.  *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d
8  1038, 1048 (N.D. Cal. 2010) (striking an answer filed by a pro se litigant on a
9  corporation's behalf and entering default); *see also Oracle Am., Inc. v. Serv. Key,*
10 *LLC*, 2013 U.S. Dist. LEXIS 40836, at *7 (N.D. Cal. Mar. 22, 2013) (ordering that a
11 corporation's answer be stricken if it did not obtain substitute counsel); *Employee*
12 *Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("we have
13 recognized default as a permissible sanction for failure to comply with local rules
14 requiring representation by counsel"); *United Pac. Energy Operations & Consulting,*
15 *Inc. v. Gas & Oil Techs., Inc.*, case no. 2:07-cv-04436-CJC(RNBx), Dkt. No. 157, at
16 6:27-7:2 (C.D. Cal. Mar. 30, 2012) ("If the corporation fails to appear through counsel
17 within a reasonable time, the action may be dismissed or a default judgment
18 entered."); Civ. L.R. 83-2.2.2 ("No organization or entity of any other kind (including
19 corporations . . .) may appear in any action or proceeding unless represented by an
20 attorney . . . ").

21      In its January 10, 2018 Withdrawal Order, the Court required any replacement
22 counsel for Cam-Com to enter an appearance within thirty days.  As of the filing of
23 the Motion, more than thirty days have passed since the Withdrawal Order was
24 entered, and no replacement counsel has made an appearance for Cam-Com in this
25 Action.  Dunn Decl. ¶ 3.  By failing to secure replacement counsel within the
26 prescribed period, Cam-Com has not complied with the Court's Withdrawal Order and
27 has failed to defend the claims against it in this Action.  As such, the Court should
28 strike the Answer [Dkt. 45] as to Cam-Com and enter the default of Cam-Com.

75546114V.1

### III.  CONCLUSION

For the reasons set forth above, this Court should strike the Answer [Dkt. 45] as to Cam-Com and enter the default of Cam-Com.

Dated:  February 12, 2018              Respectfully submitted,

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

/s/ Joseph R. Dunn
Joseph R. Dunn
Abigail V. O'Brient

Attorneys for Plaintiff
QK HEALTHCARE, INC.

75546114V.1

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 3580 Carmel Mountain Road, Suite 300, San Diego, California 92130.

On February 12, 2018, I served true and correct copies of the following document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER STRIKING DEFENDANT CAM-COM, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND FOR ENTRY OF DEFAULT OF CAM-COM, INC.**

☒ **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** the foregoing document will be served by the court via NEF and hyperlink to the document as indicated below:

| | |
|---|---|
| **Joseph R Dunn**<br>jrdunn@mintz.com,<br>AOBrient@mintz.com,<br>docketing@mintz.com,<br>tlmayo@mintz.com<br><br>**Abigail V O'Brient**<br>aobrient@mintz.com,<br>DEHashimoto@mintz.com,<br>docketing@mintz.com<br><br>*Counsel for Plaintiff QK Healthcare, Inc.* | **Dariush G Adli**<br>adli@adlilaw.com<br><br>**Charles Douglas Ferrari**<br>charles.ferrari@adlilaw.com<br><br>**Drew Harris Sherman**<br>drew.sherman@adlilaw.com<br><br>*Former Counsel for Defendants Richard T. Kayseryan, Cam-Com, Inc., and Trimed Medical Wholesalers, Inc.* |

- 1 -

75546114V.1

| | | |
|---|---|---|
| ☒ | **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below: | |
| | **Richard T. Kayseryan**<br>604 South Sunset Canyon Drive<br>Burbank, CA 91501<br><br>*Defendant* | **Jason M. Rund**<br>SHERIDAN & RUND<br>840 Apollo Street, Suite 351<br>El Segundo, CA 90245<br><br>*Chapter 7 Trustee for the bankruptcy estate of defendant Richard T. Kayseryan* |
| | **C. John M Melissinos**<br>GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067<br><br>*Counsel for Chapter 7 Trustee, Jason M. Rund, for the bankruptcy estate of defendant Richard T. Kayseryan* | **Douglas P. Wilson**<br>**John Morrell**<br>1620 Fifth Avenue<br>Suite 400<br>San Diego, California 92101<br><br>*Receiver for Defendant Trimed Medical Wholesalers, Inc.* |
| | **Reed S Waddell**<br>Frandzel Robins Bloom and Csato LC<br>1000 Wilshire Boulevard 19th Floor<br>Los Angeles, CA 90017-2427<br><br>*Counsel for Receiver Douglas P. Wilson* | **Cam-Com, Inc.**<br>Attn: Verjine Yesaian, Registered Agent<br>128 E Prospect Ave<br>Burbank, CA 91502<br><br>*Defendant* |
| | **Verjine Yesaian**<br>604 South Sunset Canyon Drive<br>Burbank, CA 91501 | **Trimed Medical Wholesalers, Inc.**<br>Attn: Richard Tigran Kayseryan, Registered Agent<br>52 E Santa Anita<br>Burbank, CA 91502<br><br>*Defendant* |

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S.

- 2 -

75546114V.1

Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2018, at San Diego, California.

*Karen J. Costa*
_____
Karen J. Costa

- 3 -

75546114V.1